

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Superseded by ~~Ref 29 d~~
V.C S

Hon. Jack Wisch
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-2811
Re: The effect of the 1940 Federal
Census in determining the sal-
ary and traveling expenses that
may be allowed the county com-
missioners of Cameron County.

Your recent request for an opinion of this
department upon the question as is herein stated has
been received.

We quote from your letter as follows:

"The question has been raised by the
County Auditor of this County as to the ef-
fect of the 1940 Federal Census in determining
the salary and traveling expenses that may be
allowed the County Commissioners of Cameron
County for the year 1941.

"The total assessed valuations of prop-
erties in Cameron County for tax purposes are
$31,500,000 and the population of the County
according to the unofficial report of the 1940
Federal Census is 81,287 inhabitants. Accord-
ing to the 1930 Federal Census the population
was 77,540.

"Article 2350, Revised Civil Statutes of
Texas, provides, among other things, that the
salary to be paid each County Commissioner in
counties having assessed valuations of from
$30,000,001 to $76,000,000 shall not exceed
$2400 per annum.

"Acts 1937, 45th Leg., p. 392, ch. 194,
provides in part that 'in any county in this

State having a population of not less than 77,500, and not more than 77,600, according to the last preceding Federal Census, the Commissioners Court is hereby authorized to allow each commissioner the sum of $50.00 per month for traveling expenses and depreciation on his automobile while on official business.'

"Article 2350(2), reads as follows: 'The Commissioners Court at its first regular meeting each year shall, by order duly made and entered upon the minutes of said Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act.'

"Under the provisions of the above statutes, each County Commissioner of Cameron County is now being allowed a salary of $2400 per annum and the further sum of $50.00 per month for traveling expenses and depreciation on his automobile while on official business.

"A great many Acts have been passed by the Legislature providing traveling expenses for County Commissioners in counties of various populations and assessed valuations, but I fail to find such statute applicable to a county having a population of 81,227 inhabitants and assessed valuation in the amount of $31,500,000.

"Presuming that the report of the 1940 Federal Census is officially made before January 1, 1941, and that such report will show Cameron County to have a population of 81,227 inhabitants, it appears that the salaries of the County Commissioners of this County will be governed by the Statutes under which their salaries are now being fixed and allowed, but the payment of any traveling expenses to such Commissioners will then be without authority of law.

"Your opinion on the question submitted herein will be greatly appreciated."

Hon. Jack Wiech, page 3

Article 2350, Vernon's Annotated Civil Statutes, reads in part as follows:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto be-.ing as follows:

"Assessed valuations                    Salaries to be paid
                                        each Commissioner.

                                              * * *

$30,000,001 and less than
$73,000,000 not to exceed ...........  $2400.00

                                              * * * ."

Article 2350(2), Vernon's Annotated Civil Statutes, reads as follows:

"The Commissioners Court at its first regular meeting each year shall, by order duly made and entered upon the Minutes of same Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act."

House Bill No. 848, Chapter 194, Page 392, Acts of the Forty-fifth Legislature, 1937, Regular Session, reads in part as follows:

"SECTION 1. In any county in this State having a population of not less than seventeen thousand, six hundred (17,600) and not more than seventeen thousand, seven hundred (17,700) and in any county in this State having a popu-

lation of not less than seventy-seven thousand (77,000) and not more than seventy-seven thousand, one hundred (77,100) and in any county in this State having a population of not less than seventy-seven thousand, five hundred (77,500) and not more than seventy-seven thousand, six hundred (77,600), according to the last preceding Federal Census, the Commissioners Court is hereby authorized to allow each Commissioner the sum of Fifty Dollars ($50) per month for traveling expenses and depreciation on his automobile while on official business. Each such Commissioner shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county.

" * * *."

Our Opinion No. 0-2011, wherein House Bill No. 730, Acts of the Forty-fourth Legislature, Regular Session, 1935, and Section 1a of Article 2700d-12, Vernon's Annotated Civil Statutes, House Bill No. 451, Acts of the Forty-fifth Legislature, Regular Session, 1937, which were substantially similar to House Bill No. 848, Acts of the Forty-fifth Legislature, 1937, which we are considering in this opinion, was held to be unconstitutional. What was there said with reference to the constitutionality of House Bill No. 730, Acts of the Forty-fourth Legislature, Regular Session, 1935, and Section 1a of Article 2700d-12, Vernon's Annotated Civil Statutes, House Bill No. 451, Acts of the Forty-fifth Legislature, Regular Session, 1937, is equally applicable to House Bill No. 848, Acts of the Forty-fifth Legislature, supra. A copy of our Opinion No. 0-2011 is attached hereto.

Therefore, you are respectfully advised that it is the opinion of this department that the provisions of House Bill 848, Acts of the Forty-fifth Legislature, 1937, as it applies to Cameron County, is a special law regulating the affairs of Cameron County (Altgelt v. Gutzeit, et al., 201 S. W. 400) and therefore unconstitutional and void.

In view of the foregoing statutes you are respectfully advised that it is our further opinion that

the salaries of the County Commissioners of Cameron County for the year 1941, based upon the assessed valuation as shown in your inquiry, may not be fixed by said court at a greater sum than $2,400.00 each, regardless of the population as shown by the 1940 census, and may not legally allow any of the Commissioners the $50.00 per month provided for under the provisions of the 1937 Act referred to above.

In connection with the above, we invite your attention to the provisions found in both Articles 1928 and 2340, Vernon's Annotated Civil Statutes, which must be incorporated in the official bond of a county judge or commissioner and is as follows:

".... will not vote or give his consent to pay out county funds except for lawful purposes."

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED OCT 16, 1940

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:ob
Encl. (Opinion O-2011)

